### STATE EX REL. HARMS ET AL v. TRUSTEES OF EUCLID TWP.

MANDAMUS TO COMPEL TOWNSHIP TRUSTEES TO SUBMIT THE QUESTION OF WHETHER A CERTAIN PART OF A TOWNSHIP SHOULD BE INCORPORATED.

In a petition in mandamus against township trustees, which alleges that a petition was filed with such trustees to submit the question of incorporating, as a village, a part of the township ; the answer alleged that the map filed with the petition to the trustees, (as required by statute), was not accurate, also that the sole reason why the petition had not been considered by the trustees was lack of time on their part : *Held*, that such answer was good as against a demurrer.

MANDAMUS.

MARVIN, J.

The State of Ohio on relation of Louis Harms et al. against the Trustees of Euclid township, is a proceeding in mandamus and comes to us upon a demurrer to the answer.

The relators set out in their petition that they filed, with the trustees of Euclid township on March 25, 1899, a petition under sec. 1561a, Rev. Stat., found in 92 O. L., 333. That petition contained a prayer that the trustees of the township submit the question of whether a certain part of Euclid township should be incorporated as a village.

The statute requires that such petition to the trustees be accompanied by an accurate description of the territory proposed to be incorporated, and an accurate map of the territory proposed to be included within the municipal corporation.

The petition filed here, states that such petiton was filed with the trustees and was accompanied by such a map.

The trustees answer in a somewhat elaborate way, but, among other things, they say that no accurate map was filed with the petition which was filed with them. They go on to give certain inaccuracies that they say were to be billed in the map ;—they were there. They set up a good many things in the answer, which might lead one to suppose that a map was more nearly accurate than might be supposed if they had started by saying that no accurate map was filed ; but they say that an accurate map should be filed, and the statute says that there should be. They say further, that the petition was filed on March 25, 1899. This suit was brought seven days thereafter,—the first or second day of April. They say in their answer, they were so crowded with work, they had so much to do of other business, that they were unable to consider this petition at that meeting, and that, for that reason alone, they postponed action to another meeting.

We are of opinion that with a demurrer to that answer, admitting those allegations to be true, that no accurate map was filed and that the trustees for the sole reason that they have not had time to consider this, failed to do it, that that answer is good as against a demurrer, although there are many things in the answer, as has been said, that would not make a strong answer to the petition.

But we think the safe and proper thing—and, therefore, what we do, is to overrule this demurrer to the answer and remand the case for trial.

*Alex Hadden*, counsel for plaintiffs.

*Kaiser and Taft*, county solicitors, for defendants.